IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PUBLIC SCHOOL TEACHERS' PENSION AND RETIREMENT FUND OF CHICAGO,<br><br>                Plaintiff(s),<br>    v.<br><br>GARY S. GUTHART, et. al.,<br><br>                Defendant(s).<br>_____/ | CASE NO. 5:14-cv-01384 EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Docket Item No(s). 13] |

Defendants Gary S. Guthart, Lonnie M. Smith, Eric H. Halvorson, Alan J. Levy, Floyd D. Loop, Craig H. Barratt, Amal M. Johnson, Mark J. Rubash, George Stalk, Jr., Marshall M. Mohr, Salvatore J. Brogna, Augusto V. Castello, Jerome J. McNamara, Mark Meltzer, Colin Morales, David J. Rosa (the "Individual Defendants"), and Nominal Defendant Intuitive Surgical, Inc. ("Intuitive")[1] removed the instant shareholder derivative action to this court from San Mateo County Superior Court because the Complaint purportedly "implicates a substantial federal interest" within the purview of Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S. 308 (2005) ("Grable"). See Not. of Removal, Docket Item No. 1. Plaintiff Public School Teachers' Pension and Retirement Fund of Chicago ("Plaintiff") believes otherwise, and has filed the Motion to Remand presently before the court. See Docket Item No. 13.

---

[1] For ease of reference, the court will refer to the Individual Defendants and Intuitive collectively as "Defendants."

1
CASE NO. 5:14-cv-01384-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

This court finds the Complaint incapable of sustaining federal jurisdiction, even under Grable. Accordingly, the Motion to Remand will be granted and the case will be returned to the state court from which it originated.

## I.  BACKGROUND

This action is one of a number of securities and shareholder derivative cases currently pending this in district concerning "serious defects" with Intuitive's da Vinci surgery system. The plaintiffs in each case allege that the system's defects were known to and concealed by the Individual Defendants, most of whom are the directors and officers of Intuitive.[2] The defects were eventually discovered and disclosed to Intuitive's shareholders and, in turn, to the public, and Intuitive's market value deteriorated as a result. Intuitive shareholders suffered a loss of portfolio value due to the drop in stock price. But the Individual Defendants escaped unscathed since they had, by that time, allegedly sold their own Intuitive shares at an inflated price for significant profit.

The other shareholder derivative actions were filed directly in federal court because they each met the requirements for diversity jurisdiction under 28 U.S.C. § 1332.[3] But, as already mentioned, this case was not. Although it is indistinguishable in substance from the related cases, it was initiated on February 21, 2014 in San Mateo County Superior Court.

Plaintiff asserts four causes of action under Delaware and California state law against the Individual Defendants or subsets of them; two are for breach of fiduciary, one for unjust enrichment, and one for violation of California Corporations Code § 25402. Defendants removed the case on March 26, 2014, citing Grable. This motion followed.

---

[2] The other cases, all of which are now assigned to the undersigned, are In re Intuitive Surgical Securities Litigation, Case No. 5:13-cv-01920 EJD, Berg v. Guthart, Case No. 5:14-cv-00515 EJD, and City of Birmingham Relief & Retirement System v. Guthart, Case No. 5:14-cv-01307 EJD.

[3] This case could not be removed based on diversity because Intuitive maintains its principal place of business in California. See 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

2
CASE NO. 5:14-cv-01384-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). In general, only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

On a motion to remand, it is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

## III. DISCUSSION

The court will first frame the issue before it. This is not a remand motion that can be decided through the normal course of searching the face of a well-pleaded complaint for a claim created by federal law. See Caterpillar Inc., 482 U.S. at 392 ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); see also Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10 n.9 (1983) ("The well-pleaded complaint rule applies to the original jurisdiction of the district courts as well as to their removal jurisdiction."). Indeed, no obvious federal claims exist here. For that

reason, this Complaint is not standard dish for removal based on federal question jurisdiction. See Grable, 545 U.S. at 314 (explaining that the statute providing for federal question jurisdiction, 28 U.S.C. § 1331, "is invoked by and large by plaintiffs pleading a cause of action created by federal law.").

This is more nuanced territory. Here, Defendants argue that Plaintiff skillfully mixed together the deconstructed ingredients of federal jurisdiction, poured them into vessels created by state law, and then carefully plated them in the Complaint so as to prevent federal courts from being able to consume it. According to Defendants, the legal morsels that form the basis of a federal question are broken into small bites, purposely, so this case will remain on the state court's menu.

That strategy, assuming Plaintiff actually utilized it here, is sometimes acceptable. It is perfectly palatable for a plaintiff to choose the state forum over the federal one by omitting federal claims that could otherwise be plead. ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1114 (9th Cir. 2000) ("As the master of the complaint, a plaintiff may defeat removal by choosing not to plead independent federal claims."). In fact, federal law is designed with respect to a plaintiff's choice. If a case of pure state concern is improvidently removed, or if there is any doubt that the removed action actually belongs in federal court, it must be returned to its original source. Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). What a plaintiff cannot do, though, is disguise a federal cause of action as one under state law in order to completely foreclose the federal forum. Under the artful pleading doctrine, "[a] state-created cause of action can be deemed to arise under federal law (1) where federal law completely preempts state law; (2) where the claim is necessarily federal in character; or (3) where the right to relief depends on the resolution of a substantial, disputed federal question." ARCO Envtl., 213 F.3d at 1114 (internal citations omitted).

Defendants argue that Plaintiff has done just that. They contend the Complaint is artfully plead, such that substantial federal questions are disguised as claims under state law, and that Grable and another case in the same line of authority - Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986) - condone removal. But that is not an easy proposition to maintain. Aside from the need to overcome the standard burden to prove federal jurisdiction, they must also fit this case into

4
CASE NO. 5:14-cv-01384-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

the "special and small category" embraced by Grable. Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 (2006).

Members of that "special and small" category are identified by answering the following question: "does a state law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibility." Grable, 545 U.S. at 314. "Recast as elements, the proponent of a 'substantial federal question' must show: (1) that the state law claim necessarily raises the federal issues identified, (2) that the federal issue is disputed and substantial, and if (1) and (2) are established, then (3) that it is appropriate in the balance of state and federal responsibility for the federal court to hear the claim." Quildon v. Intuit, Inc., No. 5:12-cv-00859 EJD, 2012 U.S. Dist. LEXIS 73353, at *11, 2012 WL 1902021 (N.D. Cal. May 25, 2012).

In opposing this motion, Defendants focus on the issues simmering beneath Plaintiff's state-law claims. Specifically, Defendants contend there is a necessary, disputed and substantial federal issue for this court to resolve because "Plaintiff's causes of action and right to relief turn on the exclusively federal question of whether Defendants violated the FDCA,[4] the Medical Device Amendments to the FDCA ("MDA"), and various federal rules promulgated by the FDA." See Not. of Removal, Docket Item No. 1. They argue that, since the Complaint is "slathered" with references to these laws and regulations, the case is properly situated before the federal court.

But no matter the adjective used - whether it be peppered, seasoned, slathered or saturated - it is not enough that federal law is infused throughout the Complaint. See Grable, 545 U.S. at 314 (stating that a "federal issue" is not a "password opening federal courts to any state action embracing a point of federal law."). As this court has previously observed, something more compelling must be percolating beneath the state-law surface for Grable to apply. See County of Santa Clara ex. rel. Marquez v. Bristol Myers Squibb Co., No. 5:12-cv-03256 EJD, 2012 U.S. Dist. LEXIS 133405, at *25, 2012 WL 4189126 (N.D. Cal. Sept. 17, 2012) ("It must be remembered that Grable is the exception to federal question jurisdiction; not the general rule. Stretching it beyond what it was

---

[4] This, of course, refers to the federal Food, Drug and Cosmetic Act of 1938, 21 U.S.C. §§ 301 et seq.

5
CASE NO. 5:14-cv-01384-EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

intended to achieve will only lead down a slippery slope where all state claims will be swallowed by, or converted to, federal causes of action."). Thus, Defendants have to somehow "justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers" by demonstrating that the claims *necessitate* addressing the federal issue. Id. at 313.

Defendants have missed the mark with this Complaint. Contrary to their interpretation of the pleading, the Complaint does not necessitate addressing the FDCA or its amendments and related regulations. The state law causes of action within which a federal issue could potentially arise - those for breach of fiduciary duty and unjust enrichment - are claims of general application that could be decided without ever finding a violation of the FDCA or any FDA rules.[5] Indeed, the true focus will be on the conduct of the Individual Defendants and, specifically, whether they breached their duties of trust, loyalty, good faith, candor or due care when they allegedly hid the da Vinci system's defects from Intuitive's shareholders. If anything, a breach of the FDCA or FDA rules would only tend to reinforce some element of knowledge: that the Individual Defendants were actually aware of problems with the da Vinci system because they had been advised by the FDA. And since "a single state-law based theory of relief can be offered" for the causes of action in the Complaint, the exercise of removal jurisdiction is improper here. Duncan v. Stuetzle, 76 F.3d 1480, 1486 (9th Cir. 1996). Defendants therefore fail on the first element of the Grable test.

While the court could stop there, it is worth pointing out that an examination of the "disputed and substantial" element would lead to the same result. Relevant again is the observation that the purported federal issues are marginal to the resolution of the state law claims, even if their resolution was to become necessary at some point. Moreover, the determination of whether a statutory or rule violation occurred will be a "fact-bound and situation-specific" inquiry based on the Individual Defendants' conduct, further distinguishing this case from the transcendent "pure issue of law" at

---

[5] The general nature of these claims is evidenced by their indefinite elements. Under Delaware law, "[a] claim for breach of fiduciary duty requires proof of two elements: (1) that a fiduciary duty existed; and (2) that the defendant breached that duty." In re Mobilactive Media, LLC, 2013 Del. Ch. LEXIS 26, at *70, 2013 WL 297950 (Jan. 25, 2013). The elements of unjust enrichment under Delaware law are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." Nemec v. Shrader, 991 A.2d 1120, 1130 (Del. 2010).

issue in Grable.  There is nothing about this Complaint that justifies the particular intervention of the federal court.  The state court is well-equipped to deal with it.

Ultimately, Defendants have not overcome the heavy burden imposed on them.  For that reason, this action's sojourn in federal court has come to an end.

### IV.   ORDER

Based on the foregoing, Plaintiff's Motion to Remand (Docket Item No.13) is GRANTED.  The Motion for Leave to File a Sur-Reply (Docket Item No. 39) is DENIED and all other matters are TERMINATED.

The clerk shall remand this action to San Mateo County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated:  June 25, 2014



_____
EDWARD J. DAVILA
United States District Judge